1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| MARC LEAR, | Case No. SACV-16-01430-AG (KESx) |
|        Plaintiff, | **HONORABLE KAREN E. SCOTT** |
|     vs. | **STANDING PROTECTIVE ORDER** |
| UPS GROUND FREIGHT, INC.; *et al.,* | |
|       Defendants. | |

1.    **PURPOSE AND LIMITS OF THIS ORDER**

      Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2.      DESIGNATING PROTECTED MATERIAL

**2.1      Over-Designation Prohibited.**  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or ~~"HIGHLY CONFIDENTIAL – SOURCE CODE"~~ (a "designator") must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.  Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited.  Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2      Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or ~~"HIGHLY CONFIDENTIAL – SOURCE CODE"~~) to each page that contains protected material.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1   A party or non-party that makes original documents or materials

available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2   Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3     Inadvertent Failures to Designate.**  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order. 25

**3.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through

1    L.R. 37-4.

2

3    **4.    ACCESS TO DESIGNATED MATERIAL**

4        **4.1    Basic Principles.**  A receiving party may use designated material only for this

5    litigation.  Designated material may be disclosed only to the categories of persons and under

6    the conditions described in this Order.

7        **4.2    Disclosure of CONFIDENTIAL Material Without Further Approval.**

8    Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving

9    party may disclose any material designated CONFIDENTIAL only to:

10        **4.2.1**   The receiving party's outside counsel of record in this action and

11    employees of outside counsel of record to whom disclosure is reasonably necessary;

12        **4.2.2**   The officers, directors, and employees of the receiving party to whom

13    disclosure is reasonably necessary, and who have signed the Agreement to Be Bound

14    (Exhibit A);

15        **4.2.3**   Experts retained by the receiving party's outside counsel of record to

16    whom disclosure is reasonably necessary, and who have signed the Agreement to Be

17    Bound (Exhibit A);

18        **4.2.4**   The Court and its personnel;

19        **4.2.5**   Outside court reporters and their staff, professional jury or trial

20    consultants, and professional vendors to whom disclosure is reasonably necessary, and

21    who have signed the Agreement to Be Bound (Exhibit A);

22        **4.2.6**   During their depositions, witnesses in the action to whom disclosure is

23    reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

24    and

25        **4.2.7**   The author or recipient of a document containing the material, or a

26    custodian or other person who otherwise possessed or knew the information.

27    **4.3    Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES**

28    **ONLY** ~~and HIGHLY CONFIDENTIAL – SOURCE CODE~~ **Material Without**

**Further Approval.**  Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ~~or HIGHLY CONFIDENTIAL – SOURCE CODE~~ without further approval only to:

    **4.3.1**   The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

    **4.3.2**   The Court and its personnel;

    **4.3.3**   Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

    **4.3.4**   The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4**   **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ~~or HIGHLY CONFIDENTIAL – SOURCE CODE~~ Material to In-House Counsel or Experts.**  Unless agreed to in writing by the designator:

    **4.4.1**   A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.  ~~In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.~~

    **4.4.2**   A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ~~or HIGHLY CONFIDENTIAL – SOURCE CODE~~ must first make a written request to the designator that (1)

identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3**   A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.4.4**   All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

**5.    SOURCE CODE**

**5.1    Designation of Source Code.**  If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or

1   includes, confidential, proprietary, or trade secret source code.

2       **5.2    Location and Supervision of Inspection.**  Any HIGHLY

3   CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for

4   inspection, in a format allowing it to be reasonably reviewed and searched, during normal

5   business hours or at other mutually agreeable times, at an office of the designating party's

6   counsel or another mutually agreeable location.  The source code shall be made available for

7   inspection on a secured computer in a secured room, and the inspecting party shall not copy,

8   remove, or otherwise transfer any portion of the source code onto any recordable media or

9   recordable device. The designator may visually monitor the activities of the inspecting party's

10  representatives during any source code review, but only to ensure that there is no

11  unauthorized recording, copying, or transmission of the source code.

12      **5.3    Paper Copies of Source Code Excerpts.**  The inspecting party may request

13  paper copies of limited portions of source code that are reasonably necessary for the

14  preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial.

15  The designator shall provide all such source code in paper form, including Bates numbers

16  and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

17      **5.4    Access Record.**  The inspecting party shall maintain a record of any individual

18  who has inspected any portion of the source code in electronic or paper form, and shall

19  maintain all paper copies of any printed portions of the source code in a secured, locked area.

20  The inspecting party shall not convert any of the information contained in the paper copies

21  into any electronic format other than for the preparation of a pleading, exhibit, expert report,

22  discovery document, deposition transcript, or other Court document.  Any paper copies used

23  during a deposition shall be retrieved at the end of each day and must not be left with a court

24  reporter or any other unauthorized individual.

25

26  6.   **PROSECUTION BAR**

27      Absent written consent from the designator, any individual who receives access to

28  HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY

1   CONFIDENTIAL – SOURCE CODE information shall not be involved in the prosecution
2   of patents or patent applications concerning the field of the invention of the patents-in-suit
3   for the receiving party or its acquirer, successor, predecessor, or other affiliate during the
4   pendency of this action and for one year after its conclusion, including any appeals.
5   "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting
6   the scope or content of patent claims or specifications.  These prohibitions shall not preclude
7   counsel from participating in reexamination or inter partes review proceedings to challenge or
8   defend the validity of any patent, but counsel may not participate in the drafting of amended
9   claims in any such proceedings.

10

11   **7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**
12          **IN OTHER LITIGATION**

13          **7.1     Subpoenas and Court Orders.**  This Order in no way excuses non-
14   compliance with a lawful subpoena or court order.  The purpose of the duties described in
15   this section is to alert the interested parties to the existence of this Order and to give the
16   designator an opportunity to protect its confidentiality interests in the court where the
17   subpoena or order issued.

18          **7.2     Notification Requirement.**  If a party is served with a subpoena or a court
19   order issued in other litigation that compels disclosure of any information or items designated
20   in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES
21   ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

22          **7.2.1**   Promptly notify the designator in writing.  Such notification shall
23          include a copy of the subpoena or court order;

24          **7.2.2**   Promptly notify in writing the party who caused the subpoena or order
25          to issue in the other litigation that some or all of the material covered by the subpoena
26          or order is subject to this Order.  Such notification shall include a copy of this Order;
27          and

28          **7.2.3**   Cooperate with all reasonable procedures sought by the designator

1    whose material may be affected.

2         **7.3    Wait For Resolution of Protective Order.**  If the designator timely seeks a

3    protective order, the party served with the subpoena or court order shall not produce any

4    information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL

5    – ATTORNEY EYES ONLY ~~or HIGHLY CONFIDENTIAL – SOURCE CODE~~ before

6    a determination by the court where the subpoena or order issued, unless the party has

7    obtained the designator's permission. The designator shall bear the burden and expense of

8    seeking protection of its confidential material in that court.

9

10   **8.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

11        If a receiving party learns that, by inadvertence or otherwise, it has disclosed

12   designated material to any person or in any circumstance not authorized under this Order, it

13   must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use

14   its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the

15   person or persons to whom unauthorized disclosures were made of all the terms of this

16   Order, and (4) use reasonable efforts to have such person or persons execute the Agreement

17   to Be Bound (Exhibit A).

18

19   **9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

20         **PROTECTED MATERIAL**

21        When a producing party gives notice that certain inadvertently produced material is

22   subject to a claim of privilege or other protection, the obligations of the receiving parties are

23   those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended

24   to modify whatever procedure may be established in an e-discovery order that provides for

25   production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and

26   (e).

27

28   **10.    FILING UNDER SEAL**

1    Without written permission from the designator or a Court order, a party may not file

2    in the public record in this action any designated material.  A party seeking to file under seal

3    any designated material must comply with L.R. 79-5.1.  Filings may be made under seal only

4    pursuant to a court order authorizing the sealing of the specific material at issue.  The fact

5    that a document has been designated under this Order is insufficient to justify filing under

6    seal.  Instead, parties must explain the basis for confidentiality of each document sought to be

7    filed under seal.  Because a party other than the designator will often be seeking to file

8    designated material, cooperation between the parties in preparing, and in reducing the

9    number and extent of, requests for under seal filing is essential. If a **receiving party's**

10   request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court,

11   then the receiving party **may file the material in the public record** unless (1) **the**

12   **designator** seeks reconsideration within four days of the denial, or (2) as otherwise

13   instructed by the Court.

14

15   **11.** **FINAL DISPOSITION**

16   Within 60 days after the final disposition of this action, each party shall return all

17   designated material to the designator or destroy such material, including all copies, abstracts,

18   compilations, summaries, and any other format reproducing or capturing any designated

19   material.  The receiving party must submit a written certification to the designator by the 60-

20   day deadline that (1) identifies (by category, where appropriate) all the designated material

21   that was returned or destroyed, and (2) affirms that the receiving party has not retained any

22   copies, abstracts, compilations, summaries, or any other format reproducing or capturing any

23   of the designated material.  This provision shall not prevent counsel from retaining an

24   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

25   ///

26   ///

27   ///

28   ///

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED: November 29, 2016

_____

HON. KAREN E. SCOTT

United States Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____[print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Protective Order that

was issued by the United States District Court for the Central District of California on

_____ [date] in the case of **Marc Lear v. UPS Ground Freight, Inc. *et al.* (C.D.**

**Cal. Case No. 8:16-CV-01430-AG-KES)**.  I agree to comply with and to be bound by all the

terms of this Protective Order, and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment for contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective Order to

any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing this Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

            [printed name]


Signature: _____

            [signature]